IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
IOWA CENTRAL DIVISION

| | |
|---|---|
| DORIS L. STROUD,<br><br>　　　　PLAINTIFF,<br><br>vs.<br><br>LHR, INC.,<br><br>　　　　DEFENDANT. | Civil Action No.<br><br>COMPLAINT and DEMAND FOR JURY TRIAL |

NOW COMES the Plaintiff, Doris L. Stroud ("Plaintiff" or "Stroud") by and through her attorney, L. Ashley Zubal, and for her Complaint against the Defendant, LHR, Inc. (hereinafter "Defendant" or "LHR"), alleges as follows:

## I.　INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq, (hereinafter "FDCPA") and the Iowa Debt Collection Practices Act, § 537.7103, et seq, (hereinafter "IDCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## II.　JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Venue in this District is proper in that the Defendant transacts business in Iowa and the conduct complained of occurred here.

## III.　PARTIES

3. Plaintiff, Doris Stroud, is a natural person residing in Polk County, Iowa.

4. Defendant, LHR, Inc. is a business engaged in the collection of debts owed to another in the State of Iowa.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). Plaintiff is a "debtor" as that term is defined by Iowa Code § 537.7102(6).

6. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Iowa Code § 537.7102(5).

7. At some point in time, the Plaintiff incurred a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Iowa Code § 537.7102(3), to HSBC/Best Buy, which was used for personal, family, or household use.

8. Sometime thereafter, the debt was sold, assigned, or otherwise transferred to the Defendant for collection.

9. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## IV.   FACTUAL ALLEGATIONS

10. Sometime during April, 2011, the Plaintiff received initial collection correspondence from the Defendant dated April 12, 2011. The correspondence advised the Plaintiff that her account with HSBC (acct. no. 5268350074320123) had been turned over to them for collection. Among other representations, the correspondence stated that the Plaintiff owed a debt and requested she contact the Defendant to set up payment or settle the account. The correspondence failed to provide the Plaintiff notice that she had thirty days from receipt of the letter to dispute the alleged debt and request verification of the alleged debt.

11. On or about April 21, 2011, the Plaintiff received a voice message from a male representative of the Defendant. The representative advised that he was calling from LHR with regard to a confidential matter. He further advised that the Plaintiff when calling back should reference her judgment number 2337. Throughout the voice message the representative was shouting. Toward the end of the voice message, in a very loud tone, the representative shouted forcefully "if you do not call back I will take that as a direct refusal!" The representative then proceeded to slam the phone down.

12. On or about April 21, 2011 at approximately 11:00 a.m., the Plaintiff called the representative back. The representative requested the Plaintiff set up a payment on her debt. The Plaintiff asked why the representative screamed at her in the message that was left and requested information as to the debt. The Plaintiff further stated that she would

be filing for bankruptcy and attempted to provide the representative with her attorney's contact information. The representative refused to take the information and hung up on the Plaintiff.

13. As a result of the above-referenced communications and actions of the Defendant, the Plaintiff has experienced the following damages including, but not limited to: frustration, anger, stress, loss of sleep and anxiety.

## V.   FIRST CLAIM FOR RELIEF: VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

14. The Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 13.

15. LHR, Inc. and its agents violated the FDCPA through the foregoing acts and omissions including, but not limited to:

   a. The Defendant violated 15 U.S.C. § 1692d(5) by engaging in behavior the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

   b. The Defendant violated 15 U.S.C. § 1692e(11) by failing to state in the initial communications and communications subsequent that the communication is from a debt collector and any information will be used for that purpose.

   c. The Defendant violated 15 U.S.C. § 1692f through the use of unfair or unconscionable means to collect or attempt to collect a debt.

   d. The Defendant violated 15 U.S.C. § 1692g by failing, within five days after its initial communication with Plaintiff, to provide written notification containing a statement that unless Plaintiff, within thirty days after receipt of that notice, disputed the validity of the debt, or any portion thereof, Defendant would assume the debt was valid, or failed within five days after its initial communication with Plaintiff to provide a written notice containing a statement that if Plaintiff notified Defendant in writing, within the thirty-day period that the debt, or any portion thereof, was disputed, Defendant would obtain verification of the debt or a copy of a judgment against Plaintiff and a copy of such verification or judgment

would be mailed to Plaintiff by Defendant and that Defendant would provide Plaintiff with the name and address of the original creditor.

16. The Plaintiff is entitled to statutory damages up to $1,000.00 for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A).

17. The Plaintiff is entitled to actual damages for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(1).

18. The Plaintiff is entitled to an award of the costs of this action and reasonable attorney fees for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3).

## VI. SECOND CLAIM FOR RELIEF: VIOLATION OF THE IOWA DEBT COLLECTION PRACTICES ACT (IDCPA)

19. The Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 18.

20. LHR, Inc. and its agents violated the IDCPA through the foregoing acts and omissions including, but not limited to:

   a. The Defendant violated Iowa Code § 537.7103(1)(f) by violating 15 U.S.C. §§ 1692d(5); 1692e(11); 1692f; and 1692g(a).

   b. The Defendant violated Iowa Code § 537.7103(2)(a) through the use of profane or obscene language or language that is intended to abuse the hearer.

   c. The Defendant violated Iowa Code § 537.7103(4)(b) by failing to state in the initial communications and communications subsequent that the communication is from a debt collector and any information will be used for that purpose.

   d. The Defendant violated Iowa Code § 537.7103(5)(3) by communicating with the debtor in connection with the collection of debt when the debt collection knows the debtor is being represented by an attorney and the attorney's name and contact information is known or could be easily ascertained.

21. The Plaintiff is entitled to statutory damages ranging from $100.00 to $1,000.00 for Defendant's violations of the IDCPA pursuant to § 537.5201(1)(y).

22. The Plaintiff is entitled to actual damages for Defendant's violations of the IDCPA pursuant to § 537.5201(1)(y).

23. The Plaintiff is entitled to an award of the costs of this action and reasonable attorney fees for Defendant's violations of the IDCPA pursuant to § 537.5201(8).

WHEREFORE, the Plaintiff respectfully requests that judgment be entered against the Defendant, that the Plaintiff be awarded statutory damages, actual damages, the cost of this action along with reasonable attorney fees, and for such other relief as the Court deems appropriate in the circumstances.

## VII.   JURY DEMAND

The Plaintiff respectfully requests a trial by jury.

Respectfully submitted,

 /s/ L. Ashley Zubal  
L. Ashley Zubal IS9998256  
Marks Law Firm, P.C.  
4225 University Avenue  
Des Moines, IA 50311  
(515) 276-7211  
(515) 276-6280  
ATTORNEY FOR PLAINTIFF